UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DANA ROSS, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM L. WALTON, PENNI F. ROLL, JOAN M. SWEENEY, and ALLIED CAPITAL CORPORATION,<br><br>Defendants. | Civil Action No. 1:07-cv-00402 (EGS) |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Co-Lead Plaintiffs, the Individual Investors Group (David Gonzalez, Jagdish Parzhk, and Abe Weiner) and Jack Sheppard ("Plaintiffs"), respectfully submit this response and objection to the Notice of Supplemental Authority submitted by defendants on December 21, 2007 (Dkt. No. 29) (the "Notice"), comprised of the December 18, 2007 order dismissing the complaint in the False Claims Act, 31 U.S.C. § 3729(a), action entitled *United States of America, ex rel. James Brickman, et al. v. Business Loan Express, LLC, et al.*, Civil Action No. 1:05-CV-3147-JEC (N.D. Ga.) (the "FCA" or "Brickman" Action).[1]

Defendants' submission misses the mark because the FCA Complaint was dismissed for lack of subject matter jurisdiction, a narrow issue unrelated to this action. In dismissing the FCA complaint for lack of jurisdiction, the Court stated, "it is not necessary to consider defendants' motion to dismiss for failure to comply with Rule 9(b)." FCA Order & Opinion at 20-21 ("FCA

---

[1]    Defendants' submission is neither binding nor persuasive authority for this Court. Generally, "supplemental authority" is authority which is controlling on issues presented to a court on procedural and/or substantive matters. Here, defendants have instead used the submission to impermissibly reargue their motion to dismiss. *Cf. Lynom v. Widnall*, 222 F. Supp. 2d 1, 3-4 (D.D.C. 2002) (Sullivan, J.) (considering Supreme Court decision submitted by defendants in a "Notice of Supplemental Authority").

Order"). Accordingly, the FCA court made no determination on the merits of plaintiffs' claims, because under Eleventh Circuit FCA law, § 3730(e)(4) of the FCA "precludes federal courts from exercising jurisdiction over *qui tam* FCA claims which are based on publicly disclosed information unless the relator is the 'original source' of the information." FCA Order at 7 (citing *U.S. ex rel. McElmurray v. Consol. Gov't of Augusta-Richmond County,* 501 F.3d 1244, 1251 (11th Cir. 2007)).[2]

As the FCA court stated in ruling on this narrow issue, "the Court was able to decide the jurisdictional question without resolving any factual disputes." FCA Order at 2. Therefore, defendants' submission of "supplemental authority" should not be considered by the Court in ruling on defendants' motion to dismiss.

Dated: January 11, 2007

Respectfully submitted,

/s/ Daniel S. Sommers
Steven J. Toll (D.C. Bar No. 225623)
Daniel S. Sommers (D.C. Bar No. 416549)
S. Douglas Bunch
**COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Tel.:    (202) 408-4600
Fax:    (202) 408-4699

*Co-Lead Counsel*

---

[2] Notably, "public disclosure" for purposes of the FCA and "truth on the market" for purposes of the federal securities laws are worlds apart. As can be readily gleaned from the FCA Order, the "public disclosure" standard is lenient (particularly under the Eleventh Circuit standard as interpreted by the FCA Order) and can be met even if someone, such as sophisticated plaintiffs as in the *Brickman* action, can tediously piece together scattered information, including the interpretation and application of administrative regulations (*see* FCA Order at 16-18). In stark contrast, under the federal securities laws, "not every mixture with the true will neutralize the deceptive. If it would take a financial analyst to spot the tension between the one and the other, whatever is misleading will remain materially so, and liability should follow." *Virginia Bankshares, Inc. v. Sandberg,* 501 U.S. 1083, 1097 (1991).

Michael K. Yarnoff
Karen E. Reilly
John Gross
**SCHIFFRIN BARROWAY**
  **TOPAZ & KESSLER, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel.:  (610) 667-7056
Fax:   (610) 667-7706

*Co-Lead Counsel*

Lionel Z. Glancy
Michael M. Goldberg
Andy Sohrn
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Tel.:  (310) 201-9150
Fax:   (310) 201-9160

Frederick W. Gerkens, III
**GLANCY BINKOW & GOLDBERG LLP**
1501 Broadway, Suite 1900
New York, NY 10036
Tel:   (917) 510-0009
Fax:   (646) 366-0895

*Co-Lead Counsel*